UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HABIB MIAH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 25-cv-10381-ADB |
| ) | |
| MORGAN STANLEY AND CO. ) | |
| INTERNATIONAL PLC and EATON ) | |
| VANCE MANAGEMENT ) | |
| INTERNATIONAL LTD, ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING MOTIONS [DKT. NOS. 11 – 16]

BURROUGHS, D.J.

On February 12, 2025, Plaintiff Habib Miah ("Plaintiff" or "Miah"), appearing *pro se*, filed a complaint asserting this court's diversity jurisdiction over claims associated with a 2022 decision by the defendants to rescind an offer of employment. [Dkt. No. 1]. With his complaint, Miah filed a motion for discovery. [Dkt. No. 2]. On February 24, 2025, Miah paid the filing fee and the following day, February 25, 2025, summonses were issued by the Clerk. [Dkt. Nos. 4, 5]. Miah was granted permission to electronically file on the condition that he satisfies the requirements to do so. [Dkt. No. 9].

By Electronic Order dated March 6, 2025, the Court denied Miah's motion for early discovery, subpoena duces tecum and protective order. [Dkt. No. 10]. The order states that the motion may be renewed "following the complaint being served on Defendants and the parties engaging in the meet and confer process required by Local Rule 7.1." [Id.]. The order further explained that Miah "has not shown that early discovery is necessary at this early stage of the

proceeding" and that he "may consider asking Defendants to institute a litigation hold to ensure the availability of relevant information." [Id.].

In addition to seeking reconsideration of the denial of his request for early discovery, [Dkt. No. 15], Miah now moves as follows: "for judicial review of the relevant evidence," [Dkt. No. 11]; "to compel witness statements pursuant to Federal Rule of Civil Procedure 45 and request for summons," [Dkt Nos. 12, 13]; "to require Defendants to respond to complaint within 21 days, [Dkt. No. 14]; and "to deny dismissal without factual review cross-examination of witnesses, and grant summons of material witnesses." [Dkt. No. 16].

The Court finds Miah's several requests for court action to be premature and counterproductive at this stage of the litigation, where the two defendants may not yet be served. To the extent Miah seeks reconsideration of the denial of his request for early discovery, [Dkt. No. 15], such request is denied. Miah's statements in support of reconsideration are conclusory and he has not shown that early discovery is necessary at this time.

Miah states that the defendants "have been aware of this litigation for a significant period, have retained counsel, and have already engaged in substantive correspondence [with Miah] regarding this matter." [Dkt. No. 14 at 2]. Miah seeks to have this Court require defendants to file their response to the complaint in 21 days "rather than 60 days as prescribed under the Waiver of Service provisions in Rule 4(d)." Id. at 1. Although Miah states that he has notified the Defendants of this litigation, he provides no further detail and waiver forms have not been filed by either defendant. Additionally, if the defendants fail to waive service, Miah will be required to arrange for service of the summons and complaint on each defendant.[1] On this record, and at this

---

[1] Because summonses issued on February 25, 2025, the current deadline by which Plaintiff must serve the Defendants with the summons and complaint is May 26, 2025.

2

juncture, the Court will not modify any deadlines. Plaintiff is reminded that if service is not completed on time or proofs of service are not filed on time, the Court may dismiss this action in whole or against unserved defendants without further notice.  See Fed. R. Civ. P. 4(m).

Although two of Miah's motions request issuance of summons, [Dkt Nos. 12, 13], it seems that his intent is to request subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure. Under Rule 45(a)(3), the clerk "must issue a subpoena, signed but otherwise in blank, to a party who requests it."  However, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"  See Fed. R. Civ. P. 26(d)(1).  Moreover, if a "subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).  Here, Miah is directed to comply with his obligations under Rules 26 and 45 before serving such subpoenas on the persons to whom they are directed.

Finally, Miah asks the Court to preemptively deny any dispositive motions that defendants may file.  [Dkt. No. 16].  The Court will not predetermine any rulings and will only rule on matters currently before the Court.

Accordingly, the pending motions are **DENIED**.

**SO ORDERED.**

March 26, 2025                                              /s/ Allison D. Burroughs
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE